UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WIZIE.COM, LLC,

        Plaintiff,

v.

MIRA BORUKHIN and MB TRAVEL
CORPORATION, d/b/a DOWNTOWN
TRAVEL,

        Defendants.
_____/

CASE NO. 2:14-cv-10391

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on Defendants Mira Borukhin and MB Travel Corporation's, d/b/a Downtown Travel ("Downtown Travel") Motion to Dismiss for Lack of Personal Jurisdiction. Plaintiff, Wizie.com, LLC, filed the instant action for breach of contract arising out of Defendants' failure to pay for internet travel booking software services. In its response brief, Plaintiff agreed to dismiss Defendant Borukhin, but argued that there are sufficient contacts to establish personal jurisdiction over Defendant Downtown Travel. The Court heard oral argument on the motion on June 12, 2014, and at the conclusion of the hearing, took the matter under advisement. For the reasons stated below, Defendants' motion is **GRANTED**.

I.     STATEMENT OF FACTS

Plaintiff, Wizie.com, LLC, designs travel software products and is a Michigan limited liability corporation. Defendant Downtown Travel is a wholesaler of travel products incorporated in New York and sells airline tickets to travel agents. Defendant Mira Borukhin is the president of Downtown Travel. Borukhin has been dismissed from this action.

In March 2010, the parties entered into an Internet Services Booking Agreement whereby Plaintiff would provide Defendants with two of its business products. The first, PerfectIBE, is an airfare search and booking engine that can be integrated into business websites. The second product is an internet-based airfare booking service, which allows customers and travel agents to search for and purchase travel products using PerfectIBE. Plaintiff's representatives traveled to New York to solicit Defendants' business. The contract was signed by Defendants in New York and a copy was faxed to Michigan. In the contract, Defendants agreed to compensate Plaintiff a certain fee per ticket sold in exchange for using Plaintiff's software on its website.

Plaintiff alleges that it provided the services to Defendants, but Defendants have refused to pay over $100,000 in fees. Defendants faxed and mailed copies of the agreement to Plaintiff in Michigan and sent payments to Michigan. However, none of Defendants or its representatives ever visited Michigan. In addition, Defendants called Plaintiff's office in Michigan for support and sold airfare to Michigan travel agents. Plaintiffs also allege that Defendants' website is accessible to and used by Michigan residents to purchase airline tickets. The agreement contains a Michigan choice of law clause. Defendants do not dispute these allegations, but assert these actions are insufficient to establish personal jurisdiction.

**II.   STANDARD OF REVIEW**

Before answering a complaint, a defendant may move for dismissal based on lack of personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). "Where personal jurisdiction is challenged in a 12(b)(2) motion, the plaintiff has the burden of establishing that jurisdiction exists." Am. Greetings Corp. v. Cohn, 839 F. 2d 1164,

1168 (6th Cir. 1988); see also McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936) (plaintiff "must allege in his pleading the facts essential to show jurisdiction").

If a district court rules on the motion before trial, the court, in its discretion, "may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." Serras v. First Tenn. Bank Nat'l Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989) (quoting Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981)).  The district court is granted considerable discretion in this decision and will be reversed only for abuse of discretion.  Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991); Mich. Nat. Bank v. Quality Dinette, Inc., 888 F.2d 462, 466 (6th Cir. 1989).  The method the court selects will affect the magnitude of the burden on the plaintiff to avoid dismissal.  Serras, 875 F.2d at 1214.  Where, as is the case here, the court relies solely on the parties' affidavits to reach its decision on the motion, the burden rests on the plaintiff to establish a *prima facie* showing of jurisdiction in order to avoid dismissal, Intera Corp. v. Henderson, 428 F.3d 605, 615 (6th Cir. 2005), and the court must consider the pleadings and affidavits in the light most favorable to the plaintiff. CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1261-62 (6th Cir. 1996).

In considering 12(b)(2) motions, the court does not weigh the controverting assertions of the moving party due to its interest in "prevent[ing] non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts."  CompuServe, Inc., 89 F.3d at 1262 (quoting Theunissen, 935 F.2d at 1459).

3

### III. ANALYSIS

The Michigan Supreme Court has broadly construed Michigan's Long-Arm Statute to provide for personal jurisdiction consistent with due process. See Audi AG and Volkswagon of Am., Inc. v. D'Amato, 341 F. Supp. 2d 734, 742 (E.D. Mich. 2004). Therefore, "the state's jurisdiction extends to the limits imposed by federal constitutional due process requirements and thus, the two questions become one." Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog, 954 F.2d 1174, 1176 (6th Cir. 1992) (citing Chandler v. Barclays Bank PLC, 898 F.2d 1148, 1150-51 (6th Cir. 1990)).

In order to subject a nonresident defendant to personal jurisdiction, due process requires that he must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). The defendant's "conduct and connection with the forum State" must be "such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction in fact exists. Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002). A party is subject to the personal jurisdiction of the Court through either general or specific jurisdiction. See J. McIntyre Machinery, Ltd. v. Nicastro, 131 S. Ct. 2780, 2787-89 (2011). Whether general or specific jurisdiction exists turns on the nature of the defendant's contacts with the forum.

#### A. General Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. ----, 131 S. Ct. 2846, 2851 (2011) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 317(1945). Clearly, there is no basis for general personal jurisdiction over Defendant given the lack of continuous and systematic contacts with Michigan. See Mich. Comp. Laws § 600.711(3) (authorizing general jurisdiction over corporations that carry on "a continuous and systematic part of its general business within the State"). It is undisputed that Defendant does not have any physical contacts in Michigan and there is no allegation that Defendant regularly conducts business in Michigan. Rather, Plaintiffs assert this Court may reasonably exercise specific personal jurisdiction over Defendant because of an ongoing contractual relationship between the parties.

**B.  Specific Jurisdiction**

Specific jurisdiction subjects a defendant to actions in the forum arising out of or relating to the defendant's contacts with the forum. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984). In determining whether the exercise of specific personal jurisdiction is proper, the Sixth Circuit follows a three-prong test originally laid out in Southern Machine Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968):

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Calphalon Corp. v. Rowlette, 228 F.3d 718, 721 (6th Cir. 2000) (citing Mohasco, 401 F.2d at 381).

In order to be subject to specific persona jurisdiction, Defendant must have "purposefully avail[ed] [itself] of the privilege of acting in the forum or causing a consequence in the forum." Mohasco, 401 F.2d at 381. "Purposeful availment" means that the defendant's "contacts proximately result from the actions by defendant *himself* that create a 'substantial connection' with the forum State." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (emphasis in original) (quoting McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223 (1957)). This requirement "ensures that a defendant will not be haled into a jurisdiction solely as the result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or third person.'" Id. at 475 (quoting Keeton v. Hustler Magazine, 465 U.S. 770, 774 (1984); Helicopteros, 466 U.S. at 417).

Here, Plaintiff asserts Defendant purposefully availed itself to the forum by entering into a contract with a Michigan company, sending faxes and emails to Michigan, sending continuous payments to Michigan, and calling Plaintiff's Michigan office for technical support. Plaintiffs do not dispute that Defendant: (1) is not incorporated in Michigan; (2) does not own any property in Michigan; (3) does not pay Michigan taxes; (4) does not have employees, officers, or shareholders who are citizens of Michigan; (5) does not have any bank accounts in Michigan; (6) does not have any representative who traveled to Michigan; and (7) does not have an office or mailing address in Michigan. In addition, Plaintiff sent representatives to New York to solicit business from Defendant, and the contract was signed in New York.

In support of its argument, Plaintiff relies on Air Products & Controls, Inc. v. Safetech Intern., Inc., 503 F.3d 544 (6th Cir. 2007).  In that case, the defendant failed to pay for several purchases of goods from the plaintiff.  Id. at 548.  Facing an entry of judgment for the unpaid amount in a separate lawsuit, the defendant fraudulently transferred its assets to a third party.  Id.  The plaintiff then filed suit in Michigan for fraudulent transfer, and the case was removed to district court.  After the district court dismissed the case for want of personal jurisdiction, the Sixth Circuit found that the defendant purposefully availed itself to the forum based on the nine-year business relationship between the parties.  It noted that defendants reached out to the plaintiff in Michigan by mailing purchase orders, mailing an application for an open credit account to purchase plaintiff's products, and contacting plaintiff hundreds of times "for purposes of discussing and placing orders for goods."  Id. at 551.  The court found that the contacts were "not simply the result of unilateral activity on the part of [plaintiff]."  Id. at 552.  In other words, it was not merely a "one-time transaction, but [ ] a continuing business relationship that lasted a period of many years."  Id. at 551.  Moreover, the court noted that the fraudulent transfer of the defendants' assets was aimed directly at the plaintiff, and thus the effects were felt in Michigan.  Id. at 553.

Unlike Air Products, Defendant in this case did not place continuous product orders over the course of several years or engage in tortious activity directly aimed at Plaintiff.  Defendant placed one order for a single set of products to be used in conjunction with its website.  The contract provided for payment based on percentage of sales, necessitating continuous payment.  This does not operate to transform a single contractual obligation into one that would have "ongoing far-reaching consequences in

7

[any] Michigan" industry. Lanier v. Am. Bd. of Endodontics, 843 F.2d 901, 911 (6th Cir. 1988). Again, unlike the defendant in Air Products, Defendant did not place hundreds of orders giving rise to an extensive continuous relationship between the parties that resulted in a substantial connection to the forum state. In this case, Defendant entered into one contract. Thus, the fact that Defendant was required to send payments to Michigan is of no jurisdictional consequence.

Importantly, Plaintiff reached out to New York to solicit business from Defendant; Defendant never traveled to Michigan. The contract was signed in New York and then faxed to Michigan. Although creating a continuing relationship with an out-of-state party may give rise to personal jurisdiction, "'an individual's contract with an out-of state party alone' cannot 'automatically establish minimum contacts.'" Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 151 (6th Cir. 1997) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985)). In addition to sending payment to Michigan, Defendant's only contacts with the forum are emails, faxes, and phone calls, which are exactly the type of fortuitous and attenuated contacts that make an exercise of personal jurisdiction over Defendant unreasonable in this case. The only reason Defendant had any contact with Michigan is the result of Plaintiff's choice to reside here. See Int'l Tech. Consultants v. Euroglas, 107 F.3d 386, 395 (6th Cir. 1997) (noting that "the only reason the communications in question here were directed to Michigan was that [defendant] found it convenient to be present there").

Further, Plaintiff's argument that the Michigan choice of law clause in the contract supports an inference that Defendant would be expected to be haled into Michigan court is unpersuasive. It is a choice of law clause, not a forum selection clause. The Court

8

could just as easily infer that Plaintiff included the provision with the expectation that it would be required to commence litigation in foreign states against buyers who fail to pay, and thus sought to protect itself from uncertainty by mandating the application of Michigan law in out-of-state courts.

Insofar as Plaintiff argues for personal jurisdiction based on website interactivity, that argument is off point. See Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 890 (6th Cir. 2002) (citing the website interactivity sliding-scale approach articulated in Zippo Mfg. Co v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). The issue in the instant case is whether Defendant's transaction with Plaintiff subjects Defendant to the jurisdiction of Michigan, not whether Defendant's website creates jurisdiction with third-party customers in other forums. Any contacts involving Defendant's sale of a product to third parties through its website are unrelated to the transaction at issue in this case. In other words, Plaintiff's cause of action does not arise out of Defendant's potential website contacts with customers. See Calphalon Corp. v. Rowlette, 228 F.3d at 721 (citing Mohasco, 401 F.2d at 381). Plaintiff sold a product to Defendant; Plaintiff did not purchase a product through Defendant's website. Thus, the interactivity of Defendant's website is irrelevant for jurisdictional purposes in this case.

In sum, a single sales transaction is insufficient to establish purposeful availment of the privilege of acting in Michigan by Defendant. The contacts in this case are too attenuated and fortuitous for this Court's exercise of jurisdiction to be reasonable. Consequently, Plaintiff has failed to demonstrate a prima facie of personal jurisdiction over Defendant.

**IV.     CONCLUSION**

Accordingly, Defendants' motion is **GRANTED**.

**IT IS SO ORDERED.**


Date:   June 17, 2014                              s/Marianne O. Battani
                                                   MARIANNE O. BATTANI
                                                   United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 17, 2014.

                                                   s/ Kay Doaks
                                                   Case Manager